# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN FRITZ,<br><br>                             Petitioner,<br><br>   v.<br><br>GORE, et al.,<br><br>                            Respondents. | Case No.: 21-cv-00510-BAS (MDD)<br><br>**ORDER DISMISING CASE WITHOUT PREJUDICE** |

Petitioner, who is currently detained at the San Diego County Jail and is proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. (ECF No. 1.) For the reasons stated below, Petitioner's action is **DISMISSED WITHOUT PREJUDICE**.

## I.    FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM UNDER § 2254

Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States, as required by Rule 4 of the rules governing § 2254 cases. Section 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) (only alleged violations of the Constitution, not state law violations, are cognizable under § 2254(a)).

With respect to the one enumerated claim for relief, Petitioner states that he "tendered/posted financial instruments/bonds to settle all outstanding liabilities in relation to all charges as was his right as the beneficiary to said securities properties." (Pet. at 6.) As such, he argues, "Respondents were not allowed to keep beneficiary after bonds posted for settlement." (*Id.*) He thus "assigns the Judge of Court as trustee and instructs the court to discharge all civil and criminal debts and set beneficiary at liberty," citing a federal case and statute which, Petitioner claims, apply to commercial crimes and liability. (*Id.*) Petitioner indicates the underlying offenses relating to his case are California Penal Code and Health and Safety Code violations concerning possession of a controlled substance while armed, felon in possession of a firearm, possession of ammunition by a person prohibited from possessing a firearm, and possession of a silencer. (*See id.* at 2 (citing Cal. Health and Safety Code § 11370.1(a), Cal. Penal Code §§ 29800(a)(1), 30305(a)(1), 33410).)

Petitioner also indicates that his trial court case number is CD 289050 but has not completed the portions of the Petition form concerning conviction or sentencing dates or length of sentence. (Pet. at 1–2.) The electronic docket of the San Diego Superior Court, of which the Court takes judicial notice,[1] reflects that this criminal case was filed on February 17, 2021. (*See* Sup. Ct. of Calif., Cty. of San Diego Case Number Search, Case No. CD 289050 at http://courtindex.sdcourt.ca.gov/CISPublic/casesearch (last visited March 29, 2021).) Because Petitioner fails to indicate he has been convicted and sentenced, Petitioner fails to allege he is in custody pursuant to the judgment of a state court.

---

[1] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

While Petitioner has not invoked the specific grant of habeas jurisdiction for a person in custody pursuant to a state court judgment under § 2254, § 2241 confers on this Court a general grant of habeas jurisdiction for state prisoners who contend they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also id.* § 2241(a). District courts have jurisdiction under § 2241 over federal habeas petitions brought by state court pretrial detainees. *See, e.g.*, *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (quoting 28 U.S.C. § 2254) ("[B]ecause Petitioner is a pretrial detainee, he is not being held 'pursuant to the judgment of a State court.' Therefore, his claim falls under 28 U.S.C. § 2241.").

As stated in the Conclusion of this Order, Petitioner has the option of initiating a new action under § 2241 if he so chooses. However, a § 2241 action will still be subject to the exhaustion requirement explained below.

## II.  FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

Petitioner has not alleged exhaustion of state remedies. Petitioner does not allege that he raised his one enumerated claim in the California Supreme Court; rather, that portion of his Petition was left blank. (Pet. at 6.) If Petitioner has raised his claim in the California Supreme Court, he must so specify.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies. Moreover, to the extent Petitioner seeks to proceed under § 2241 rather than section 2254, Petitioner is cautioned that § 2241 also has an exhaustion requirement. *See, e.g.*, *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004).

Additionally, to the extent Petitioner's state case is ongoing, the Court would be compelled to abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). It is presently unclear whether abstention applies or whether § 2254 or § 2241 is the proper vehicle for Petitioner's claim given Petitioner's failure to complete significant sections of the Petition form, particularly those concerning conviction date, sentencing date and length of sentence.

## III.  CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice and with leave to amend. If Petitioner wishes to proceed with a habeas action pursuant to § 2254, he must, no later than **May 31, 2021**, file a First Amended Petition that cures the pleading deficiencies outlined in the instant Order. If Petitioner instead seeks to proceed with a habeas action pursuant to § 2241, he must file a new habeas action pursuant to 28 U.S.C. § 2241, which will be given a new civil case number. The Clerk of Court is directed to

mail Petitioner a blank Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 and a blank Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241 together with a copy of this Order.

**IT IS SO ORDERED.**

DATED: March 31, 2021

Hon. Cynthia Bashant
United States District Judge